[No. B071701. Second Dist., Div. Three. Nov. 3, 1993.]

THE PEOPLE, Plaintiff and Appellant, v.
KEVIN S. MERRITT, Defendant and Respondent.

## COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General,

Marc E. Turchin and Kerrigan M. Keach, Deputy Attorneys General, for Plaintiff and Appellant.

Marks & Brooklier, Donald B. Marks and Lawrence C. Ecoff for Defendant and Respondent.

## OPINION

HAHN, J.*—

### PROCEDURAL HISTORY

On March 8, 1991, a 32-count complaint was filed against respondent, Kevin Merritt, by the Los Angeles County District Attorney's office. Contained in the complaint were counts involving allegations of grand theft of real and personal property, procuring or offering a false or forged instrument for recordation, fraud or unfair dealing by a foreclosure consultant, and fraud or unfair dealing by a home equity purchaser. There were also a number of allegations that the property taken had a value exceeding $100,000.

Prior to the preliminary hearing, respondent filed a motion to dismiss for prosecutorial misconduct. The motion was based upon the alleged conduct of District Attorney Investigator Joseph Kay. An evidentiary hearing was conducted with respect to the motion. After a lengthy hearing process incorporating numerous delays, the motion to dismiss was denied without prejudice.

Based upon the evidence at the motion to dismiss, respondent moved to recuse the Los Angeles County District Attorney's office. The motion was granted, and the Attorney General's office was directed to assume prosecution of the case. The Attorney General filed a timely notice of appeal from the order recusing the District Attorney of Los Angeles County, pursuant to Penal Code section 1424.[1]

### THE RECUSAL MOTION

The basis upon which the instant recusal motion was made was an evidentiary hearing conducted in connection with respondent's motion to

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.

[1] All references to code sections hereafter will be to the Penal Code unless otherwise specified.

dismiss made prior to the preliminary hearing. The ground for dismissal was prosecutorial misconduct.

The evidence presented at the dismissal motion centered on allegations of impropriety involving Los Angeles County District Attorney Investigator Joseph Kay and Katrina Smith. Ms. Smith had been an employee of respondent, and her duties included notarizing real estate transactions. Based upon the testimony elicited at the hearing, respondent argued that Mr. Kay had withheld exculpatory information provided by Ms. Smith to Mr. Kay about some of the real estate transactions which were the subject of criminal investigation. In this connection, it was also argued that Mr. Kay had suggested that Ms. Smith conceal facts and commit perjury. It was also alleged that in the course of conducting the investigation, Mr. Kay had made sexual advances towards Ms. Smith, compromising the integrity of Mr. Kay's investigation.

Respondent's motion to dismiss was denied without prejudice. However, respondent thereafter filed a motion to recuse the entire office of the Los Angeles County District Attorney based upon the allegation that in view of the disclosures about Mr. Kay, respondent would not be able to ensure receiving a fair trial if that prosecution agency remained on the case. The office of the Attorney General as well as the District Attorney of Los Angeles County opposed the motion. Included within the opposition pleadings was a declaration of Don Tamura, one of the deputy district attorneys assigned to prosecute the case, detailing the steps taken to remove Mr. Kay from all contact with respondent's case, the procedures undertaken to replace Mr. Kay as investigator, and the procedures to be undertaken to insulate Mr. Kay from all further review and action in the case.

In making its ruling which ultimately granted the motion to recuse the entire district attorney's office, the trial court made several findings. It first noted that it found no fault with the two deputy district attorneys assigned to the case. The trial court found that they had been "sandbagged" by their own investigator, an action for which they were not responsible.

Even though the trial court stated it still did not believe dismissal was the appropriate sanction, it did find that Mr. Kay had engaged in "sexual impropriety" towards a material witness. The court also found that the investigator had withheld statements from both the prosecution and the defense. Even so, dismissal was not required because the statements were disclosed in sufficient time to allow respondent to defend the case.

With respect to the allegation that Mr. Kay had suborned perjury, the trial court found that, at the very least, Mr. Kay was guilty of the appearance of "gross misconduct," if not an actual crime.

The court then concluded that the standard of section 1424 required the granting of the motion to ensure a fair trial for respondent. The basis for this conclusion was that Mr. Kay and the "District Attorney" worked for the same office. The trial court believed that Mr. Kay would at some point in proceedings be a witness. When conflicts in testimony arose, the trial court believed there would be a danger that prosecutors would try to "protect" the office. The court believed that the "credibility calls" would be too difficult to make, and so "reluctantly" granted the motion.

## ISSUES RAISED ON APPEAL

The Attorney General argues that the order granting the recusal motion was an abuse of discretion because the conduct underlying the granting of the motion constituted the actions of only one investigator.

## DISCUSSION

Section 1424 provides, in pertinent part, that a motion to recuse a district attorney "shall not be granted unless it is shown by the evidence that a conflict of interest exists such as would render it unlikely that the defendant would receive a fair trial." The enactment of section 1424 was in response to the substantial increase in the number of unnecessary prosecutorial recusals under the "appearance of conflict" standard set forth in *People v. Superior Court (Greer)* (1977) 19 Cal.3d 255 [137 Cal.Rptr. 476, 561 P.2d 1164]. (*People v. Lopez* (1984) 155 Cal.App.3d 813, 824 [202 Cal.Rptr. 333].)

■ The Supreme Court has determined that the word "conflict" within the meaning of section 1424 refers to "evidence of a reasonable possibility" that the district attorney's office may not be able to exercise its discretionary function in an evenhanded manner. (*People v. Conner* (1983) 34 Cal.3d 141, 148 [193 Cal.Rptr. 148, 666 P.2d 5].) In determining whether such evidence exists, and thus the trial court's ruling on the recusal motion was proper, the reviewing court applies the abuse of discretion standard, in other words whether there was substantial evidence to support the holding once all applicable factors have been considered. (*Id.* at p. 149.)

■ It must also be remembered that the Supreme Court has made it clear that "[t]he recusal of an entire prosecutorial office is a serious step, imposing a substantial burden on the People, and the Legislature and the courts may reasonably insist upon a showing that such a step is necessary to assure a fair trial." (*People v. Hamilton* (1989) 48 Cal.3d 1142, 1156 [259 Cal.Rptr. 701, 774 P.2d 730].) Moreover, "[d]isqualification of an entire prosecutorial office from a case is disfavored by the courts, absent a substantial reason

related to the proper administration of justice." (*People* v. *Hernandez* (1991) 235 Cal.App.3d 674, 679-680 [286 Cal.Rptr. 652].)

It appears from the record that the trial court in the instant case felt there was no alternative but to recuse the entire district attorney's office because investigator Kay had withheld possible exculpatory material from both the prosecution and defense, and because Mr. Kay might be a witness in the case, thus bringing into play his credibility in view of the alleged sexual advances and allegations of subornation of perjury. To uphold the trial court's ruling, this court must agree that on the facts there was no other alternative available but to recuse the entire district attorney's office.

█ With respect to the disclosure of exculpatory material, it is important to remember that even though not originally disclosed by Mr. Kay to either the prosecution or defense, such material has now been disclosed. This disclosure formed the basis of the trial court's ruling finding no sanction necessary in view of the sufficient preparation time available to the defense since the preliminary hearing has not even occurred.

█ It is settled that when it appears the state has engaged in misconduct, the burden is on the People to show, by a preponderance of the evidence, that sanctions are not warranted because the defendant has not been prejudiced by the misconduct. (*People* v. *Zapien* (1993) 4 Cal.4th 929, 967 [17 Cal.Rptr.2d 122, 846 P.2d 704].) █ Such a procedure occurred in the instant case. The trial court found no attorney assigned to the case from the district attorney's office had been involved in suppressing evidence. Moreover, the trial court found the evidence had finally been disclosed to the defense, and that sufficient time existed within which the defense could prepare and use that evidence.

With respect to untimely disclosure of evidence, it is the defendant's burden to show that a continuance cannot cure the harm of late disclosure. (*People* v. *Pinholster* (1992) 1 Cal.4th 865, 941 [4 Cal.Rptr.2d 765, 824 P.2d 571], cert. den. __ U.S. __ [121 L.Ed.2d 255, 113 S.Ct. 338].) For purposes of this review, respondent has not shown the trial court's findings were unsupported that sufficient time existed for preparation. Thus, there is no basis for recusal premised on late disclosure that appears on this record. With respect to such situations, it is instructive to remember that society's interest in deterring unlawful police conduct and the public interest in having finders of fact receive all probative evidence with respect to a charged crime are properly balanced by putting the police in the same, as opposed to a worse, position that they would have been in if no police misconduct had occurred. (*People* v. *Zapien, supra,* 4 Cal.4th at p. 967.) In the instant case,

the material was disclosed, and investigator Kay has been removed from the case. No other remedy need be imposed for nondisclosure at this point.

■ With respect to the issue of Mr. Kay being a potential witness, prior case holdings on this topic are also instructive when attempting to fashion a remedy for a situation such as the one in the instant case. It is well settled that merely because an employee may be a potential witness and credibility of that witness may have to be argued by the prosecuting attorney, there is no sufficient basis for that reason alone to recuse an entire prosecutorial office. (*People* ex rel. *Younger* v. *Superior Court* (1978) 86 Cal.App.3d 180, 209-210 [150 Cal.Rptr. 156].) This rule has been applied even to cases wherein one or more deputy district attorneys are witnesses. (*People* v. *Hernandez, supra,* 235 Cal.App.3d 674, 678.)

The court in *People* ex rel. *Younger* v. *Superior Court, supra,* 86 Cal.App.3d 180, dealt with the issue raised with respect to witness credibility and trial advocacy as it pertains to witnesses in a case from the same office as the prosecuting attorney. The court noted that from the standpoint of the witness, an attorney witness in that case, any residual interest in the outcome of the case would not be tempered by a change in prosecutorial offices. (*Id.* at p. 207.) Nor would any alleged inhibition on the part of defense counsel be impacted by a change in prosecutorial offices because the witness would remain the same. Thus, the court concluded that even if it is a deputy from the prosecutorial office who may be testifying as a material witness, without more, a recusal of the entire prosecutorial office is not justified. (*Id.* at pp. 210-211.)

In the instant case, the evidence at the hearing, which was not disputed, showed that Mr. Kay was removed and totally insulated from all further decisions and investigation in respondent's case. Specific procedures were put into place to avoid any potential problems in this regard. As previously noted, no attorney was involved or faulted with respect to any of the alleged activity of Mr. Kay. There is nothing in the record in view of this evidence to show that the district attorney's office has any interest or motive other than to present evidence in a fair manner, or that the insulating of Mr. Kay was based upon anything other than a desire to handle respondent's case in the most proper way. (*People* v. *Zapien, supra,* 4 Cal.4th at pp. 970-971.)

Respondent premises his argument in support of the recusal by asserting that it is unclear "how far reaching Investigator Kay's conduct goes" beyond that shown with respect to Ms. Smith, that removing Mr. Kay from the case is not sufficient given the "close relationship" between him and the district attorney's office, and because it "is also probable" that Mr. Kay discussed

the case with other investigators and deputy district attorneys. None of these claims is supported by evidence in the record, and seem to run contrary to the trial court's specific findings. Therefore, they cannot be utilized to support the recusal order. (See *People* v. *Zapien, supra*, 4 Cal.4th at p. 971.)

Respondent also cites *Younger* v. *Superior Court* (1978) 77 Cal.App.3d 892 [144 Cal.Rptr. 34] in arguing that a person in a supervisorial capacity can require disqualification of an entire office when that person is disqualified from participating in a case. Initially, that case preceded the implementation of section 1424. Without concluding that there was a conflict, the reviewing court concluded that recusal of the entire office was required to eliminate suspicion of a conflict "for appearance's sake." (*Id.* at p. 897.) After section 1424 was implemented, this is no longer a valid basis for granting recusal of an entire prosecutorial office.

More important, the subject of the conflict issue in the case cited by respondent was the Assistant District Attorney of Los Angeles County, responsible for policy, recruiting of lawyers, appraisal of promotability, and direct supervision over special investigation cases. (77 Cal.App.3d at p. 895.) The job occupied by Mr. Kay in the instant case was not even close in significance to that occupied by the assistant district attorney. In fact, Mr. Kay clearly had no determinative say in the filing determinations previously, nor will he in the future. Those determinations rest with the prosecuting attorneys assigned to the case, about whom the trial court made findings that they were not connected whatsoever in the misconduct of Mr. Kay.

Nothing in this opinion is meant to minimize the significance of the issues faced by the trial court, nor to suggest that the conduct in which Mr. Kay may have engaged did not have potentially serious or significant consequences with respect to the case involved or any other case in which similar conduct might occur. Nor do we mean to suggest any opinion with respect to the factual issues underlying the alleged crimes. Rather, on this record, and in view of the specific findings the trial court made, it appears that effective alternative remedies existed with which to deal with the alleged misconduct other than the ultimate, drastic remedy of recusing the entire Los Angeles County District Attorney's office.

### DISPOSITION

The order of recusal is modified to apply only to preclude participation by Mr. Kay in any further investigation or decisionmaking with respect to

respondent's case, and to any other investigators or deputy district attorneys who may be shown to have participated in or approved the activities of Mr. Kay which were the subject matter of the recusal motion.

Upon remand, the trial court is directed to make all appropriate orders to ensure that no improper communications occur, outside the scope of those contemplated in the declaration and attachment of Mr. Tamura.

Croskey, Acting P. J., and Hinz, J., concurred.

A petition for a rehearing was denied November 19, 1993, and respondent's petition for review by the Supreme Court was denied Feburary 2, 1994.